IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:07-cr-257-B-BN |
| | § | |
| DERRICK ADRIAN JOHNSON, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant Derrick Adrian Johnson has filed a two motions for subpoenas, a motion to compel production of documents, a petition for writ of mandamus, and a motion to expedite disposition of the previously filed motions. *See* Dkt. Nos. 87, 88, 90, 91, 92. For the reasons stated herein, Defendant's first motion for subpoena should be construed as a successive motion filed under 28 U.S.C. § 2255 and dismissed. Defendant's remaining motions should be denied.

**Background**

On November 7, 2007, a jury found Defendant guilty of one count of bank robbery, in violation of 18 U.S.C. § 2113(a). *See* Dkt. No. 48. Defendant was sentenced to 115 months' imprisonment and a three-year term of supervised release. *See* Dkt. No. 55.

On May 8, 2008, Defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. *See* Dkt. No. 59. Defendant's motion was summarily dismissed without prejudice because his direct appeal was pending. *See United States v. Johnson*, No. 3:08-cv-787-B, 2008 WL 2704422 (N.D. Tex. July 9, 2008).

On December 24, 2008, the United States Court of Appeals for the Fifth Circuit dismissed Defendant's direct appeal at his request. *See* Dkt. No. 78. Defendant then filed a motion to vacate, set aside, or correct sentence, which was denied on the merits. *See Johnson v. United States*, No. 3:09-cv-597-B-BF, 2010 WL 3938391 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *COA denied*, No. 10-11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011).

In his first motion for subpoena [Dkt. No. 87], Defendant claims that a photograph of the individual who committed the bank robbery and a police report involving the robbery were not produced at trial and have never been provided to him despite his repeated requests. *See* Dkt. No. 87 at 1. Defendant alleges that trial counsel was ineffective for failing to seek production of the photograph after it was mentioned by a witness during trial testimony. *See id.*

## Legal Standards and Analysis

28 U.S.C. § 2255 provides four grounds that justify relief for federal prisoners who challenge the imposition or length of their sentence:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the Court was without jurisdiction to impose such sentence;

(3) the sentence was in excess of the maximum authorized by law, or;

(4) the sentence is otherwise subject to collateral attack.

Section 2255 provides the primary means of collateral attack on a federal sentence. *Cox v. Warden, Federal Detention Center*, 911 F.2d 1111, 1113 (5th Cir. 1990). "Relief under

this section is warranted for any error that 'occurred at or prior to sentencing.'" *Id.* (quoting *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)).

The issues raised by Defendant in seeking a subpoena fall within the purview of Section 2255. Although he casts his request as a motion for subpoena to obtain documents, the underlying grounds are ineffective assistance of counsel and failure to disclose evidence favorable to the Defendant. Based on these grounds for relief, the motion should be construed as a motion brought under 28 U.S.C. § 2255.

Typically, when a litigant has not indicated that he intended to file a Section 2255 motion, yet the Court construes the pleading as such a motion, the Court is required to give the admonishments set forth by the U.S. Supreme Court in *Castro v. United States*, 540 U.S. 375 (2003). In *Castro*, the Supreme Court held that a district court should not recharacterize a *pro se* post-conviction motion as a first Section 2255 motion absent notice and warning to the defendant as to the consequences of that recharacterization. *See Castro*, 540 U.S. at 383.

But this case does not fall under the purview of *Castro*. Defendant has already filed a Section 2255 motion, and relief was denied after review on the merits. *See Johnson v. United States*, No. 3:09-cv-597-B-BF, 2010 WL 3938391 (N.D. Tex. Sept. 20, 2010), *rec. adopted*, 2010 WL 3938392 (N.D. Tex. Oct. 6, 2010), *COA denied*, No. 10-11101 (5th Cir. July 5, 2011), *cert. denied*, 132 S. Ct. 791 (2011).

Defendant's motion for subpoena [Dkt. No. 87], construed as a Section 2255 motion, is successive. Because Defendant's Section 2255 motion is successive, it is subject to the certification provisions set forth in 28 U.S.C. § 2255(h), as amended by

the Antiterrorism and Effective Death Penalty Act of 1996. *See In re Tolliver*, 97 F.3d 89, 90 (5th Cir. 1996). The statute provides that a second or successive motion filed by a person attacking a sentence under § 2255 "must be certified as provided in section 2244 by a panel of the appropriate court of appeals" before it can be considered by the district court. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(3)(A); *In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005). The appellate certification requirement for a successive Section 2255 motion "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive [motion to vacate] until [the Fifth Circuit] has granted the [movant] permission to file one." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *accord Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

Because Defendant has filed a prior Section 2255 motion, which was denied, this Court lacks authority to consider the present motion unless leave to file is granted by the Court of Appeals. And the Court of Appeals has not issued an order authorizing this Court to consider Defendant's successive Section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief may be filed.

### Recommendation

The motion for subpoena [Dkt. No. 87] should be construed as a motion to vacate, set aside, or correct sentence filed pursuant to 28 U.S.C. § 2255, and the motion should be dismissed for lack of jurisdiction. The dismissal should be without prejudice to Defendant's right to file a motion for leave to file a second or successive 28 U.S.C. § 2255 motion in the United States Court of Appeals for the Fifth Circuit under 28 U.S.C. § 2255(h) and § 2244(b)(3)(A). To the extent that Defendant seeks a court-issued

subpoena, his request should be denied without prejudice to his right to request a subpoena if he is granted leave to file a successive 28 U.S.C. § 2255 motion by the Court of Appeals.

In his motion to compel [Dkt. No. 88] and in his second motion for subpoena [Dkt. No. 91], Defendant seeks a photograph of the individual who committed the bank robbery and a police report involving the robbery. These are the same issues raised in Defendant's first motion for subpoena [Dkt. No. 87]. For the reasons set forth above, these motions [Dkt. Nos. 88 & 91] should be denied.

Defendant's mandamus petition [Dkt. No. 90], in which he asks the Court to rule on his motion for subpoena within 15 days, is captioned "In the Fifth Circuit Court of Appeals" and appears to have been intended for the appellate court. To the extent that Defendant seeks a ruling from this Court, the petition should be denied as this Court does not mandamus itself. This denial should be without prejudice to Defendant's mandamus petition that is currently pending in the United States Court of Appeals for the Fifth Circuit. *See In re: Derrick Adrian Johnson*, No. 14-10174 (5th Cir.).

Finally, Defendant's motion to expedite disposition of his pending motions [Dkt. No. 92] should be denied because review of Defendant's motions is proceeding in a timely manner.

For statistical purposes, the Clerk of Court should be directed to open and immediately close a new civil action (nature of suit code 510, motion to vacate, set aside, or correct sentence).

A copy of these findings, conclusions, and recommendation shall be served on all

parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: May 29, 2014

                                                DAVID L. HORAN
                                                UNITED STATES MAGISTRATE JUDGE